# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2022

Lyle W. Cayce
Clerk

No. 21-51225
CONSOLIDATED WITH
No. 21-51233
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERNESTO VILLALOBOS-MARQUEZ,

*Defendant—Appellant*,

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-497-4
USDC No. 4:21-CR-707-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Ernesto Villalobos-Marquez appeals his conviction and sentence under 8 U.S.C. § 1326(a) and (b)(2), along with the district court's order

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-51225
c/w No. 21-51233

revoking the term of supervised release he was serving at the time of the offense. Because his appellate brief does not address the validity of the revocation or the revocation sentence, he abandons any challenge to that order. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Villalobos-Marquez contends that it violates the Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b)(2) as a sentencing factor, rather than an element of the offense. He correctly concedes that the argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review.

Villalobos-Marquez has filed an unopposed motion for summary affirmance. Because Villalobos-Marquez's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of conviction and order of revocation are AFFIRMED.